87 F.3d 1323
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lamon Lee CHRISTENSEN, Defendant-Appellant.
 No. 94-50625.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1996.
Decided June 26, 1996.
 
 Before: REINHARDT, KOZINSKI and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court refused to allow Garrick to testify, holding that his testimony wouldn't be helpful to the jury because the jury could read medical records for themselves, and determine for themselves how the robber behaved. R.T. 7/12/94 at 11-15. The district court also ruled that Garrick's testimony wasn't relevant to identification, id. at 12, and that it was inadmissible because it was based on hearsay, id. at 14. The district court erred.
 
 
 3
 As an expert psychologist, Dr. Garrick was entitled to rely on hearsay in reaching his opinions. See Fed.R.Evid. 703. To the extent he mentioned evidence not before the jury, a limiting instruction could have cautioned against relying on his testimony to establish the facts of the case. What's more, his expertise was highly relevant to identification--the main issue at trial. He could have interpreted medical records indicating that defendant was manic and suffering from lithium overmedication at the time the robbery was committed, ER at 4-5, by explaining the common, observable symptoms of this condition. He also could have given an opinion as to whether the robber's observed behavior was consistent with those symptoms. See United States v. Winters, 729 F.2d 602, 605 (9th Cir.1984) (holding expert psychiatric testimony admissible to explain abnormal psychological conditions "beyond the common knowledge of the average layman"). On these points, even the government--which urged the district court's rulings below and tried to defend them on appeal--now concedes the district court erred.[1]
 
 
 4
 The district court also abused its discretion in permitting the government to redact Smith's testimony, R.T. 7/12/94 at 18-20. The district court failed to appreciate that evidence of unreliability in an eyewitness's memory or perceptual abilities is important in undermining his general credibility and, thus, in fairness had to be considered contemporaneously under Fed.R.Evid. 106. For the same reason, the district court erred in refusing, on relevance grounds, to admit the briefcase and photo into evidence. R.T. 7/12/94 at 124-25. The government's argument that Smith and Williams merely described the briefcase as "similar" to the robber's is misplaced. While the government in its brief, Appellee's Br. at 21, and during evidentiary arguments to the district court, R.T. 7/12/94 at 17-18, made much of the difference between "similar" and "identical," its lawyer had trouble keeping the distinction straight while talking to the jury: Both Williams and Smith testified that the shirt introduced into evidence was merely "similar" to that worn by the robber, R.T. 7/12/94 at 42, 85, but the government argued in closing that both witnesses "testified[ ] that [it] was identical" to the one shown them. R.T. 7/13/94 at 18. Clearly, the government was asking Smith for an identification when it asked him to describe a briefcase recovered from defendant's wife's home as "similar" to the one used in the robbery. That Smith identified a different briefcase as "similar" to the one used by the robber was therefore relevant in judging the witness's perception and memory.
 
 
 5
 It was also an abuse of discretion to refuse to allow defendant to try on the shirt. R.T. 7/13/94 at 164. That he and the shirt may have changed sizes goes to weight, not admissibility.
 
 
 6
 Having found errors, we must nonetheless affirm if we can say with "fair assurance" that they didn't change the outcome of the trial. See United States v. Brooke, 4 F.3d 1480, 1488 (9th Cir.1993). The exclusion of Dr. Garrick's testimony, describing distinctive features of defendant's likely behavior on the day in question as inconsistent with that of the robber, shakes our assurance. When combined with the several other rulings that prevented the defense from mounting legitimate and plausible attacks on the government's main identification evidence, we are unable to say the cumulative effect was harmless. See United States v. Frederick, 78 F.3d 1370, 1381 (9th Cir.1996).
 
 
 7
 REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS DISPOSITION.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 While we are encouraged that the government has come to see the error of its earlier position that an expert may not rely on hearsay, see R.T. 7/12/94 at 7, we remain troubled that a brief was filed defending it. As we've previously noted, it's always possible for a government lawyer to make a mistake at trial, but "[t]he matter becomes more serious once the issue is joined on appeal." United States v. Kojayan, 8 F.3d 1315, 1319 (9th Cir.1993). After the assurances of quality control given to us in the wake of Kojayan, we are disappointed to see such a patently absurd position pursued in the government's brief and by the Assistant United States Attorney at oral argument. Surely it shouldn't require our prodding for seasoned lawyers in the United States Department of Justice to relinquish a frivolous argument